UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EZRA L. TILLMAN,　　　　　　　　　　　　　Case No. 10-13846

　　　　　Plaintiff,　　　　　　　　　　　　　Honorable Patrick J. Duggan

v.

JAMES STEEL & TUBE COMPANY,

　　　　　Defendant.
　　　　　　　　　　　　　　　　　　　　　/

**OPINION AND ORDER**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on_January 14, 2011.

PRESENT:　　　THE HONORABLE PATRICK J. DUGGAN
　　　　　　　　　U.S. DISTRICT COURT JUDGE

On September 27, 2010, Ezra Tillman ("Plaintiff") filed this *pro se* action against James Steel & Tube Company ("Defendant"), alleging discrimination on the basis of race and age. Presently before the Court is Defendant's Motion to Dismiss, filed on October 19, 2010 pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court dispenses with oral argument, *see* Eastern District of Michigan Local Rule 7.1f(2), and for the reasons below, grants Defendant's Motion.

**I. Factual and Procedural Background**

Plaintiff alleges that on August 13, 2009, he was nearly injured while working at a machine in Defendant's factory. Compl. 4. Plaintiff told his foreman, identified only as

"Jerry," about the incident. *Id.* Jerry and a plant manager examined the machine and then returned to the manager's office. *Id.* Some time later, Jerry and the manager allegedly sent another man to tell Plaintiff to wear ear plugs. *Id.* Plaintiff refused, as there were other men who were not wearing ear plugs. *Id.* The following day, Jerry again asked Plaintiff to use ear plugs while working at his machine, and Plaintiff replied that two other men were not wearing ear plugs. *Id.* at 5. Jerry asked Plaintiff if he did not want to work, because he was not following instructions. *Id.* at 6. Plaintiff apparently explained that he was leaving because of unsafe working conditions. *Id.*

Plaintiff filed a discrimination charge with the Equal Employment Opportunity Commission ("EEOC") on February 9, 2010. The EEOC dismissed the charge and issued Plaintiff a "right to sue" letter on July 28, 2010. Plaintiff filed this action on September 27, 2010, alleging discrimination on the basis of race and age. Defendant has moved to dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiff fails to allege discriminatory conduct motivated by age or race.

## II. Standard of Review

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Supreme Court recently provided in *Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.

Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965.

In deciding whether the plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true. *Id.*; *see also Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200 (2007). This presumption, however, is not applicable to legal conclusions. *Iqbal*, 129 S. Ct. at 1949. Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964-65). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. In conducting this analysis, the Court may consider the pleadings, exhibits attached thereto, and documents referred to in the complaint that are central to the plaintiff's claims. *See Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999).

### III. Discussion

The Complaint fails to allege any misconduct that would entitle Plaintiff to relief. It is unclear which of Defendant's actions Plaintiff is contesting. Plaintiff has not alleged

3

that his employment was terminated; rather, he states that he left due to unsafe working conditions. Compl. 6. Plaintiff claims that he was asked to wear ear plugs, but he has not alleged that this request was in any way motivated by his race or age. Absent such allegations, the Court cannot reasonably infer that Defendant is liable for discrimination. The Complaint also fails to raise any expectation that discovery will reveal evidence of illegal discrimination. The Court concludes that Plaintiff has stated no plausible claim for relief, and the Complaint must be dismissed.

Defendant requests costs and attorney's fees, but "[a]n award of attorney's fees against a losing plaintiff in a civil rights action is an extreme sanction, and must be limited to truly egregious cases of misconduct." *Jones v. Cont'l Corp.*, 789 F.2d 1225, 1232 (6th Cir. 1986). Plaintiff has not engaged in the sort of "egregious" misconduct that would justify an award of attorney's fees; the Court therefore denies Defendant's request.

### IV. Conclusion

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is **GRANTED**;

**IT IS FURTHER ORDERED** that Defendant's request for costs and attorney's fees is **DENIED**.

                                      s/PATRICK J. DUGGAN
                                      UNITED STATES DISTRICT JUDGE

Copies to:

Russell F. Ethridge, Esq.

Ezra L. Tillman
20499 Ilene
Detroit, MI 48221